Douglas E. Deutsch
Robert Johnson
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375

*Attorneys for the Liquidators of*
*the Hong Kong Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| PACIFIC ANDES ENTERPRISES (HONG KONG) LIMITED | Chapter 11 |
| | Case No. 21-11588 (JLG) |
| Debtor. | |

**NOTICE OF MOTION OF THE HONG KONG PLAINTIFFS FOR ENTRY OF AN**
**ORDER DISMISSING AND ABSTAINING FROM THE CHAPTER 11 CASE OF**
**PACIFIC ANDES ENTERPRISES (HONG KONG) LIMITED**

PLEASE TAKE NOTICE that on September 13, 2021, Pacific Andes Enterprises (BVI)

Limited (in liquidation), Solar Fish Trading Limited (in liquidation), Richtown Development

Limited (in liquidation), Parkmond Group Limited (in liquidation), Europaco Limited (in

liquidation), Palanga Limited (in liquidation) and Zolotaya Orda Limited (in liquidation)

(collectively, the "Hong Kong Plaintiffs") filed the *Motion of the Hong Kong Plaintiffs for Entry*

*of an Order Dismissing and Abstaining from the Chapter 11 Case of Pacific Andes Enterprises*

*(Hong Kong) Limited* (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion (the "Hearing") will

be held on **October 27, 2021 at 11:00 a.m.** (prevailing Eastern Time) before the Honorable

James L. Garrity, Jr. of the United States Bankruptcy Court for the Southern District of New

York (the "<u>Bankruptcy Court</u>"), One Bowling Green, New York, New York 10004. The Hearing

will be conducted telephonically. Instructions for participating in the Hearing can be found on

the Bankruptcy Court's website at www.nysb.uscourts.gov.

PLEASE TAKE FURTHER NOTICE that any response or objection to the Motion or the

relief requested therein (an "<u>Objection</u>") shall (i) be in writing, (ii) conform to the Federal Rules

of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New

York, (iii) set forth the basis for the Objection and the specific grounds therefor, (iv) be filed

with the Bankruptcy Court electronically in accordance with General Order M-399 by registered

users of the Bankruptcy Court's Electronic Case Filing (ECF) system, with two hard copies

delivered to Chambers pursuant to Local Rule 9070-1, and (v) be served upon the following

parties so as to be actually received no later than **October 20, 2021 at 4:00 p.m.** (prevailing

Eastern Time) (the "<u>Objection Deadline</u>"):

(a)    Clifford Chance US LLP, 31 West 52nd Street, New York, New York
       10019, Attn: Douglas E. Deutsch (douglas.deutsch@cliffordchance.com)
       and Robert Johnson (robert.johnson@cliffordchance.com), counsel for the
       Liquidators of the Hong Kong Plaintiffs;

(b)    Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st
       Street, 17th Floor, New York, New York 10036, Attn: Tracy Klestadt
       (tklestadt@klestadt.com) and Christopher Reilly (creilly@klestadt.com),
       counsel for Pacific Andes Enterprises (Hong Kong) Limited; and

(c)    the Office of the United States Trustee, U.S. Federal Office Building, 201
       Varick Street, Suite 1006, New York, New York 10014, Attn: Richard
       Morrissey (richard.morrissey@usdoj.gov).

PLEASE TAKE FURTHER NOTICE that if no Objections to the Motion or the relief

requested therein are timely filed and served, the Hong Kong Plaintiffs may on or after the

Objection Deadline submit to the Bankruptcy Court a proposed order substantially in the form

annexed to the Motion as <u>Exhibit A</u>, which proposed order may be entered by the Bankruptcy

Court with no further notice or opportunity to be heard.

PLEASE TAKE FURTHER NOTICE that a copy of the Motion may be obtained by

visiting the Bankruptcy Court's website at www.nysb.uscourts.gov and using the Case

Management/Electronic Case Files (CM/ECF) system.

Dated: September 13, 2021
      New York, New York

**CLIFFORD CHANCE US LLP**

By: */s/ Douglas E. Deutsch*
    Douglas E. Deutsch
    Robert Johnson
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375

*Attorneys for the Liquidators of
the Hong Kong Plaintiffs*

- 3 -

**`Hearing Date: October 27, 2021 at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: October 20, 2021 at 4:00 p.m. (prevailing Eastern Time)**

Douglas E. Deutsch
Robert Johnson
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375

*Attorneys for the Liquidators of*
*the Hong Kong Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PACIFIC ANDES ENTERPRISES (HONG KONG) LIMITED,<br><br>     Debtor. | Chapter 11<br><br>Case No. 21-11588 (JLG) |

**MOTION OF THE HONG KONG PLAINTIFFS FOR ENTRY OF AN ORDER
DISMISSING AND ABSTAINING FROM THE CHAPTER 11 CASE OF
PACIFIC ANDES ENTERPRISES (HONG KONG) LIMITED**

Pacific Andes Enterprises (BVI) Limited (in liquidation), Solar Fish Trading Limited (in liquidation), Richtown Development Limited (in liquidation), Parkmond Group Limited (in liquidation), Europaco Limited (in liquidation), Palanga Limited (in liquidation) and Zolotaya Orda Limited (in liquidation) (collectively, the "Hong Kong Plaintiffs" or the "Plaintiffs") hereby move (this "Motion") pursuant to sections 1112, 305 and 109 of the Bankruptcy Code for entry of an order dismissing and abstaining from the above-captioned chapter 11 case (the "Chapter 11 Case"). In support thereof, the Hong Kong Plaintiffs respectfully state as follows.

- 1 -

### PRELIMINARY STATEMENT[1]

1.          PAE HK has no apparent, good faith reason to be in chapter 11. It appears to

own just a single asset: one parcel of unencumbered real property in Hong Kong. Based on

information filed in its affiliates' chapter 11 cases, PAE HK appears to have no employees, no

funded debt, no material operations to speak of and minimal if any positive cash flow. Moreover,

it has just a single major creditor constituency: the Hong Kong Plaintiffs, whose claims appear

to constitute more than 96% of PAE HK's debt apart from claims held by insiders, related parties

and two professional services companies.

2.          PAE HK's retreat into chapter 11 is not inexplicable, however. The petition was

filed barely a week before a hearing in the Hong Kong Court on the Plaintiffs' long-pending

motion for leave to join PAE HK as a defendant in the Hong Kong Litigation. In that context, the

purpose of the filing is apparent: not to legitimately reorganize its (nonexistent) operations, but

to further frustrate and delay the prosecution of claims in Hong Kong against the controlling

shareholders of PAE HK and other entities within the Pacific Andes Group, the Ng family. The

Court should not countenance this use of chapter 11 as a litigation tactic in what is essentially a

two party dispute between PAE HK and the Hong Kong Plaintiffs.

3.          A petition filed with no intent or ability to reorganize and solely for the purpose

of obstructing litigation in another forum is a petition filed in bad faith. For this and the other

reasons set forth herein, the Court should dismiss and abstain from the Chapter 11 Case.

---

[1]   Capitalized terms used but not defined in this Preliminary Statement have the meaning ascribed to such terms
elsewhere in the Motion.

## BACKGROUND

### A.    PAE HK Is a Member of the Pacific Andes Group and a Beneficiary of the Ng Family's Trade Finance Fraud

4.      Pacific Andes Enterprises (Hong Kong) Limited ("PAE HK" or the "Debtor") is a wholly-owned, indirect subsidiary of Pacific Andes International Holdings Limited ("PAIH"). PAIH is the ultimate parent company of the "Pacific Andes" group of companies (the "Group" or the "Pacific Andes Group"). From at least September 2010 until August 2015, entities within the Group engaged in a multibillion-dollar trade finance fraud perpetrated by and for the ultimate benefit of their controlling shareholders, the Ng family.

5.      On June 30, 2016, and at various dates thereafter, PAIH and certain other members of the Pacific Andes Group (collectively, the "Other Debtors") commenced cases in this Court under chapter 11 of the Bankruptcy Code. The Other Debtors' cases are being jointly administered under Case No. 16-11895 (JLG) (the "Other Chapter 11 Cases"). Details of the trade finance fraud within the Group have been set forth in detail in filings in the Other Chapter 11 Cases, including the declaration of Nicholas James Gronow and its exhibits filed on April 29, 2019. *See* No. 16-11895 (JLG), ECF No. 1572.

6.      PAE HK was a beneficiary of the trade finance fraud. During the relevant period, more than $42 million of trade finance proceeds that were purportedly to be used for the purchase or prepayment for the purchase of fish were instead transferred to PAE HK for no genuine commercial purpose related to the trading of fish.

### B.    The Hong Kong Plaintiffs Are Pursuing Litigation in Hong Kong Arising Out of the Trade Finance Fraud

7.      Beginning in 2016, courts in the British Virgin Islands and Hong Kong appointed liquidators (the "Liquidators") for certain entities within and connected to the Pacific Andes Group. Following the Liquidators' investigation of the trade finance fraud, certain of the

entities in liquidation (i.e., the Hong Kong Plaintiffs) commenced in April 2019 an action in the High Court of the Hong Kong Special Administrative Region, Court of First Instance (the "Hong Kong Court") against members of the Ng family and entities under their control asserting claims arising from the fraud, including for breaches of Ng family members' fiduciary duties as directors of the relevant Group companies for their role in the fraud. The Plaintiffs' claims are pending in the Hong Kong Court under HCA 688/2019 and HCA 836/2019 (collectively, the "Hong Kong Litigation").[2]

8.      On May 17, 2021, the Hong Kong Plaintiffs applied to the Hong Kong Court for leave to, among other things, join PAE HK as a defendant in the Hong Kong Litigation. As set forth in a proposed amended consolidated statement of claim submitted to the Hong Kong Court in connection with the application for leave, the Plaintiffs are seeking authority to assert within the Hong Kong Litigation their claims against PAE HK under Hong Kong law for dishonest assistance, knowing receipt and unjust enrichment related to its receipt of approximately $42.6 million in proceeds from the trade finance fraud.[3] After several months of adjournments caused by the attorneys for certain Ng family companies withdrawing as counsel, a hearing on the Plaintiffs' application for leave to join PAE HK as a defendant in the Hong Kong Litigation was finally scheduled before the Hong Kong Court on September 16, 2021.

---

[2]    On April 12, 2021, this Court approved a settlement of the claims pending under HCA 836/2019. *See* No. 16-11895 (JLG), ECF No. 2398.

[3]    Under Hong Kong law, a claim for dishonest assistance arises where a person dishonestly procures, induces or assists another in the other's breach of a trust or fiduciary relationship. A claim for knowing receipt arises where assets held under a trust or fiduciary relationship are transferred to a person in circumstances where the person's knowledge of the particulars of the transfer is such that it is unconscionable to permit the person to retain the assets. And a claim for unjust enrichment arises where a person has benefited or been enriched unjustly and at the expense of another.

C.      **PAE HK's Chapter 11 Case Appears to Have Been Filed Solely to Invoke
an Automatic Stay of the Hong Kong Litigation**

9.      On September 8, 2021, barely a week before the scheduled hearing on the

Plaintiffs' application for leave to join PAE HK as a defendant in the Hong Kong Litigation,

PAE HK filed a bare bones petition commencing the above-captioned Chapter 11 Case in this

Court.[4]

10.     PAE HK did not seek with its petition any customary "first day" relief—no

motions to pay insurers, taxing authorities, vendors or employee wages; to obtain financing

or continue the use of a prepetition cash management system; not even to jointly administer the

Chapter 11 Case with the Other Chapter 11 Cases, despite the fact that the only asserted basis for

venue in this Court is that the Other Chapter 11 Cases are pending here. Accordingly, the only

apparent relief PAE HK obtained upon the filing of its petition was an automatic stay of the

Hong Kong Plaintiffs' legitimate and substantive claims against it, *see* 11 U.S.C. § 362(a), and

delay and frustration in respect of the Plaintiffs' application for leave to join it as a defendant in

the Hong Kong Litigation.

D.      **PAE HK Appears to Have Only One Major Asset, Few Creditors and
Minimal (If Any) Operations**

11.     In violation of the Court's local rules, PAE HK's petition was not accompanied

by an affidavit setting forth, among other things, the nature of its business, the circumstances

leading to its chapter 11 filing, a summary of its assets and liabilities and the location of its assets

outside the United States. *See* S.D.N.Y. L.B.R. 1007-2(a)(1), (6), (10); *see also id.* at 1007-2(c)

("In a voluntary chapter 11 case, ***the affidavit must accompany the petition***.") (emphasis added).

Despite the dearth of information provided by PAE HK in connection with its petition, the Hong

---

[4]   A copy of the petition filed as ECF No. 1 herein is annexed hereto as <u>Exhibit B-1</u>.

Kong Plaintiffs have collected and set out below a summary of certain publicly-available

information that the Plaintiffs believe is relevant to the Debtor's good faith—or lack thereof—in

commencing this Chapter 11 Case.

### i.   PAE HK Has Only One Major Asset

12.   On February 12, 2021, Ng Puay Yee (who signed the chapter 11 petition on

behalf of PAE HK) submitted a declaration in the Other Chapter 11 Cases in support of a motion

to implement certain transactions involving affiliates of PAIH. *See* No. 16-11895 (JLG), ECF

No. 2341-2 (the "Ng Declaration").[5] According to the Ng Declaration, PAE HK owns the real

property located at 34 Manderly Garden, 48 Deep Water Bay Road, Hong Kong. Ng Decl. ¶ 12.

As of February 9, 2021, the property had a value of HKD 170 million, or more than $21.8

million at today's exchange rates. *See id.* ¶¶ 17-18, Ex. 2. The property is fully unencumbered.

*Id.* ¶ 16. Upon information and belief, the property is the personal residence of Teh Hong Eng,

the matriarch of the Ng family.

13.   Exhibit 3B to the Ng Declaration is a copy of a deed (the "Warranty Deed") that

was proposed to be signed by PAIH, the ultimate parent of the Pacific Andes Group, attesting

to the truth of certain facts regarding PAE HK and its property.[6] Among these were the facts that

PAE HK:

- is a property holding company and has conducted no other business since it was incorporated (*see* Warranty Deed, Sched. 3 § 2.1)

- owns no land or buildings other than 34 Manderly Garden (*id.* § 12.10);

---

[5]   A copy of the Ng Declaration and its exhibits filed as ECF No. 2341-2 through ECF 2341-9 in Case No. 16-11895 (JLG) is annexed hereto as Exhibit B-3.

[6]   The copy of the Warranty Deed attached to the Ng Declaration is unsigned but, according to the Other Debtors, signature pages had been executed and were being held in escrow pending this Court's approval. *See* No. 16-11895 (JLG), ECF No. 1753, ¶ 14.

- owns no machinery, office equipment or vehicles (*id.* § 11.4);

- owns no inventory (*id.* § 11.2);

- has no employees, officers, agents or consultants (*id.* § 24); and

- owns no registered or unregistered intellectual property (*id.* § 16.1) or IT systems (*id.* § 17).

The Ng Declaration did not identify—and the Hong Kong Plaintiffs are unaware of—any assets or property in the United States held by PAE HK.

      **ii.**      **PAE HK Has Few Creditors**

14.      The Ng Declaration identified only one creditor of PAE HK: Valery Fedorovich Kolomin. *See* Ng Decl. Ex. 3A, App'x 2. According to the Ng Declaration, Kolomin purportedly holds a claim against PAE HK for approximately $1.48 million arising under a nearly seven-year old loan agreement, which Kolomin apparently agreed to compromise for less than $900,000. *See id.*

15.      In the verified creditor matrix submitted with its chapter 11 petition (which was also signed by Ng Puay Yee), PAE HK identified a total of fourteen (14) creditors:

- Kolomin, now spelled "Kolomlin Valeriy Fedorovich"[7];

- Pacific Andes Enterprises (BVI) Limited, one of the Hong Kong Plaintiffs, and Clifford Chance US LLP, the undersigned counsel to the Liquidators[8];

---

[7]   It is unclear whether Kolomin (or "Kolomlin"), who is listed as having an address in Moscow, is a true third-party creditor of PAE HK given the history of suspicious transactions among the Ng family, the Pacific Andes Group and various Russian individuals and entities. *See, e.g.*, No. 16-11895 (JLG), ECF No. 2479, ¶¶ 2, 5 (chapter 11 trustee alleged Ng family members breached their fiduciary duties by attempting to obligate a Group company on a "disputed" and "questionable" debt in favor of a Russian business associate); *see also In re China Fishery Grp. Ltd. (Cayman)*, No. 16-11895 (JLG), 2016 WL 6875903, at *17 (Bankr. S.D.N.Y. Oct. 28, 2016) (creditors of the Group said to have lost all confidence in Ng family management based on, among other things, "hundreds of millions of unexplained purported prepayments to Russian entities").

[8]   Clifford Chance US LLP is not, upon information and belief, itself a creditor of PAE HK.

- nine (9) entities that are either affiliates of PAE HK or entities under the control of the Ng family[9]; and

- two (2) related entities that share the same address and appear to be professional services companies: Business Consultants Limited ("<u>Business Consultants</u>") and Smart CPA (Hong Kong) Limited ("<u>Smart CPA</u>").[10]

Putting aside the claims of insiders, related parties and the two professional services companies, the Debtor appears to have just two creditor constituencies: the Hong Kong Plaintiffs, whose claims approximate $42.6 million (approximately 96.6%), and Kolomin, whose claim is (at most) no more than $1.5 million (3.4%).

### iii.    <u>PAE HK Appears to Have Minimal (If Any) Operations</u>

16.    In the Other Chapter 11 Cases, PAIH is required to file periodic reports regarding the value, profitability and operations of entities in which it holds a substantial or controlling interest, including PAE HK. *See* Fed. R. Bankr. P. 2015.3(a). Despite the fact that such reports must be filed "no less frequently than every six months," *id.* at 2015.3(b), the last report (also signed by Ng Puay Yee) was filed in February 2019. *See* No. 16-11895 (JLG), ECF No. 1493.[11] According to that report, PAE HK's liabilities as of June 28, 2018 consisted entirely of amounts owed to related companies, short-term trade payables and deferred taxes, with the company having no long-term funded debt. *See id.* at Tab 4, Ex. B-1. For the period ending June 28, 2018,

---

[9]    The affiliates include Bonaire Developments Limited, Chasterton Group Limited, Fastact Group Limited, Grandluck Enterprises Limited, Heng Holdings (BVI) Limited, Pacific Andes Int. Holdings (BVI) Ltd., Pelican Food Limited, and Rawley Trading Limited, all of which share the same mailing address as PAE HK. Meridian Investment Group Pte Limited is a related party that is controlled by Ng Joo Chuan, a member of the Ng family.

[10]    Smart CPA appears to be the Debtor's auditor. *See* Warranty Deed, Sched. 2. Business Consultants was at one point the company secretary of at least one member of the Pacific Andes Group that is now one of the Hong Kong Plaintiffs, and in the Other Chapter 11 Cases Business Consultants was scheduled as holding a (disputed) unsecured claim against one of the Other Debtors in the amount of just $724.36. *See* No. 16-11895 (JLG), ECF No. 42, Sched. E/F ¶ 3.4.

[11]    An extract of the relevant pages from the Rule 2015.3 report filed as ECF No. 1493 in Case No. 16-11895 (JLG) is annexed hereto as <u>Exhibit B-3</u>.

PAE HK had negative cash flow and suffered a semiannual loss of more than $450,000, leaving it with just $32,717 of cash on hand. *See id.* at Tab 4, Ex. B-1 to B-3.

## ARGUMENT

17.    There is substantial reason to believe that the Chapter 11 Case was commenced in bad faith. The petition appears to serve no valid reorganization purpose. PAE HK has no employees, no funded debt and no apparent material operations. It has a single asset and a single major creditor constituency: the Hong Kong Plaintiffs, whose claims appear to dominate over other non-insider claims. The timing of the filing—and the fact that the Debtor has sought no other relief from this Court in connection with or since the filing—reflects the fact that the sole purpose for which the Chapter 11 Case was commenced appears to have been to stay the Hong Kong Plaintiffs' application for leave to join PAE HK as a defendant in the Hong Kong Litigation and to frustrate the Plaintiffs' prosecution of claims in the Hong Kong Court against the perpetrators and beneficiaries of the trade finance fraud.

18.    For these reasons and as set forth more fully below, the Court should dismiss and abstain from the Chapter 11 Case pursuant to sections 1112 and 305 of the Bankruptcy Code. Alternatively, in the absence of evidence establishing that PAE HK was statutorily eligible to be a debtor as of September 8, 2021, the date the Chapter 11 Case was filed, the Court should dismiss the case under section 109.

### A.    Cause Exists to Dismiss the Chapter 11 Case as a Bad Faith Filing Under Section 1112 of the Bankruptcy Code

19.    Section 1112 of the Bankruptcy Code authorizes the Court to dismiss a chapter 11 case for "cause." It is well established that a debtor's lack of good faith constitutes sufficient cause for dismissal. *See, e.g., In re Adler*, 329 B.R. 406, 410 (Bankr. S.D.N.Y. 2005) ("Under section 1112(b), the Court may find cause for dismissal if there has been a lack of good

- 9 -

faith."); *see also Baker v. Latham Sparrowbush Assocs. (In re Cohoes Indus. Terminal, Inc.)*, 931 F.2d 222, 229 (2d Cir. 1991) ("[B]ankruptcy courts readily dismiss Chapter 11 petitions that are brought in bad faith . . . ."). A petition is filed in bad faith "if it is clear that on the filing date there was no reasonable likelihood that the debtor intended to reorganize and no reasonable probability that it would eventually emerge from bankruptcy proceedings." *Cohoes*, 931 F.2d at 227; *accord In re Kingston Square Assocs.*, 214 B.R. 713, 725 (Bankr. S.D.N.Y. 1997) ("The standard in this Circuit is that a bankruptcy petition will be dismissed if both objective futility of the reorganization process and subjective bad faith in filing the petition are found.") (emphasis omitted).

20.      In *C–TC*, the Second Circuit identified eight non-exclusive factors as being indicative of a bad faith filing. *See C–TC 9th Ave. P'ship v. Norton Co. (In re C–TC 9th Ave. P'ship)*, 113 F.3d 1304, 1311 (2d Cir. 1997). These factors, which often arise in the context of a two party dispute between a single asset real estate debtor facing a foreclosure from its primary secured creditor, also apply by analogy where, as here, the primary creditor's claims are unsecured and the two party dispute is not a foreclosure action. *See, e.g.*, *In re Syndicom Corp.*, 268 B.R. 26, 50-52 (Bankr. S.D.N.Y. 2001) (applying "reasonable variants" of the *C–TC* factors and finding cause in two party dispute involving an unsecured creditor and a state court eviction proceeding); *In re Ancona*, No. 14-10532 (MKV), 2016 WL 7868696, at *4 (Bankr. S.D.N.Y. Nov. 30, 2016) (applying factors and finding cause in two party dispute involving an unsecured creditor and a state court fraudulent conveyance action).

21.      The *C–TC* factors are:

(1) the debtor has only one asset; (2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors; (3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt; (4) the debtor's financial

condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action; (5) the timing of the debtor's filing evidences an intent to frustrate or delay the legitimate efforts of the debtor's secured creditors to enforce their rights; (6) the debtor has little or no cash flow; (7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and (8) the debtor has no employees.

*C–TC*, 113 F.3d at 1311. Other relevant factors include: (9) the case being filed to secure a tactical advantage in litigation; (10) there being no financial pressure on the debtor from creditors other than the counterparty in the two party dispute; (11) that unsecured creditors would not benefit materially from the debtor's filing; and (12) "perhaps most importantly," that the case was filed to benefit non-debtor individuals rather than the debtor itself. *Syndicom*, 268 B.R. at 51-52; *see also In re HBA East*, 87 B.R. 248, 259-60 (Bankr. E.D.N.Y. 1988) (where "the timing of the filing of a Chapter 11 petition is such that there can be no doubt that the primary, if not sole, purpose of the filing was a litigation tactic, the petition may be dismissed as not being filed in good faith"). The factors "are not to be applied mechanically and the existence of bad faith does not depend on any particular combination of factors, but rather must be gauged from the facts and circumstances of each case." *In re Loco Realty Corp.*, No. 09-11785 (AJG), 2009 WL 2883050, at *3 (Bankr. S.D.N.Y. June 25, 2009); *see also In re Century/ML Cable Venture*, 294 B.R. 9, 35 (Bankr. S.D.N.Y. 2003) (application of *C–TC* factors is "not . . . a mechanical counting exercise.").

22.     Here, the *C–TC* and *Syndicom* factors clearly support a finding that this case was not filed in good faith. PAE HK has only one asset, no employees and few unsecured creditors whose claims appear to be small relative to those of the Hong Kong Plaintiffs; its financial condition is in essence a two party dispute that can be resolved in the Hong Kong Litigation; and, based on the most recent financial information filed in the Other Chapter 11 Cases, the Debtor

has little or no positive cash flow and no apparent ability to meet current expenses.[12] Moreover,

there is no evidence that PAE HK faces financial pressure from any creditors other than the

Hong Kong Plaintiffs or that unsecured creditors would benefit from the chapter 11 filing. Most

notably, the timing of the filing and the fact that PAE HK did not seek and has not sought any

other relief in connection with the filing makes clear that filing was intended to gain a tactical

advantage in the Hong Kong Litigation for the ultimate benefit of the Ng family rather than to

further any valid reorganization purpose.

23.     Accordingly, the Hong Kong Plaintiffs submit that cause exists to dismiss the

Chapter 11 Case as a bad faith filing under section 1112.

**B.     Dismissal and Abstention from this Two Party Dispute Is Appropriate
Under Section 305 of the Bankruptcy Code**

24.     Section 305 of the Bankruptcy Code "grants the Court very broad authority to

dismiss or suspend proceedings in a case if 'the interests of creditors and the debtor would

be better served by such dismissal or suspension.'" *In re Aerovias Nacionales de Colombia S.A.*,

303 B.R. 1, 9 (Bankr. S.D.N.Y. 2003) (quoting 11 U.S.C. § 305(a)). Courts look to seven non-

exclusive factors in determining whether to grant relief under section 305:

> (1) the economy and efficiency of administration; (2) whether another
> forum is available to protect the interests of both parties or there is already
> a pending proceeding in state court; (3) whether federal proceedings are
> necessary to reach a just and equitable solution; (4) whether there is an
> alternative means of achieving an equitable distribution of assets;
> (5) whether the debtor and the creditors are able to work out a less
> expensive out-of-court arrangement which better serves all interests in the
> case; (6) whether a non-federal insolvency has proceeded so far in those
> proceedings that it would be costly and time-consuming to start afresh

---

[12]   The fact that the Debtor has no business to reorganize and no apparent way to fund a reorganization plan renders the Chapter 11 Case objectively futile. *See In re RCM Global Long Term Capital Appreciation Fund, Ltd.*, 200 B.R. 514, 520 (Bankr. S.D.N.Y. 1996) ("The objective futility standard is designed to ensure that the debtor actually has a potentially viable business in place to protect and rehabilitate. Lacking this, the chapter 11 case has lost its *raison d'être*.").

with the federal bankruptcy process; and (7) the purpose for which
bankruptcy jurisdiction has been sought.

*In re Monitor Single Lift I, Ltd.*, 381 B.R. 455, 464-65 (Bankr. S.D.N.Y. 2008) (citing *In re*

*Paper I Partners, L.P.*, 283 B.R. 661, 678 (Bankr. S.D.N.Y. 2002)). Not all factors are given

equal weight and the seventh—the purpose for which bankruptcy jurisdiction is sought—is often

the most important. *See, e.g.*, *In re Persico Contracting & Trucking, Inc.*, No. 10-22736 (RDD),

2010 WL 3766555, at *4 (Bankr. S.D.N.Y. Aug. 20, 2010).

25.    Here, the relevant factors support dismissal and abstention under section 305. The

interests of economy and efficiency are not served by the commencement of this Chapter 11

Case in the United States while the merits of the Plaintiffs' claims arising from the trade finance

fraud are being litigated in Hong Kong, the Debtor's jurisdiction of incorporation. *See In re*

*Stillwater Asset Backed Offshore Fund Ltd.*, 485 B.R. 498, 509 (Bankr. S.D.N.Y. 2013) ("no

question" that relief under section 305 "may be proper where, as here, the debtor is an entity

formed under the laws of, or doing business in, a foreign country"). The Hong Kong Court

also is available to adjudicate the Plaintiffs' claims against PAE HK, rendering U.S. federal

proceedings unnecessary. *See In re TPG Troy, LLC*, 492 B.R. 150, 161 (Bankr. S.D.N.Y. 2013)

(federal proceedings unnecessary where primary claims were based on state law and could be

adequately determined in state court). And, perhaps most importantly, this Court's jurisdiction

has been invoked in this two party dispute for the improper purpose of gaining a tactical

advantage in the Hong Kong Litigation, warranting dismissal and abstention under section 305.

*See In re Mountain Dairies, Inc.*, 372 B.R. 623, 635 (Bankr. S.D.N.Y. 2007) (court "would be

compelled to abstain pursuant to 11 U.S.C. § 305 because this is essentially a two-party dispute

for which the parties have adequate remedies in state court").

26.     Accordingly, the Hong Kong Plaintiffs submit that dismissal and abstention from this two party dispute between the Hong Kong Plaintiffs and the Debtor is appropriate under section 305 of the Bankruptcy Code.

**C.     Dismissal Is Required Unless PAE HK Establishes that It Resides or Has a Domicile, a Place of Business or Property in the United States**

27.     In order to be a debtor, a person must "reside or ha[ve] a domicile, a place of business or property in the United States." 11 U.S.C. § 109(a). PAE HK bears the burden of establishing its eligibility under section 109(a) as of September 8, 2021, the date of the filing of its chapter 11 petition. *See In re Global Ocean Carriers, Ltd.*, 251 B.R. 31, 37 (Bankr. D. Del. 2000) ("The test for eligibility is as of the date the bankruptcy petition is filed. . . . The burden of establishing eligibility is on the party filing the bankruptcy petition . . . .").

28.     As set forth above, PAE HK has not filed the affidavit required by Local Rule 1007-2 or otherwise offered any evidence to meet its burden to establish that was eligible to be a debtor under section 109 of the Bankruptcy Code as of September 8, 2021. Unless the Debtor provides sufficient evidence to carry its burden under section 109, the Chapter 11 Case should be dismissed.

*(Remainder of page intentionally left blank.)*

## **CONCLUSION**

Based upon the foregoing, the Hong Kong Plaintiffs respectfully request that the

Court enter an order substantially in the form of Exhibit A dismissing and abstaining from the

Chapter 11 Case and granting such other and further relief to which the Hong Kong Plaintiffs

may be justly entitled.


Dated: September 13, 2021                    **CLIFFORD CHANCE US LLP**
      New York, New York

                                    By: */s/ Douglas E. Deutsch*
                                          Douglas E. Deutsch
                                          Robert Johnson
                                 31 West 52nd Street
                                 New York, NY 10019
                                 Telephone: (212) 878-8000
                                 Facsimile: (212) 878-8375

                                 *Attorneys for the Liquidators of*
                                 *the Hong Kong Plaintiffs*